**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

FREDERICK PENNINGTON,
ADC #71305                                                                          PLAINTIFF

v.                                        5:11-cv-00073-JLH-JTK

WILLIAM STRAUGHN, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

        Mail your objections and "Statement of Necessity" to:

                Clerk, United States District Court
                Eastern District of Arkansas
                600 West Capitol Avenue, Suite A149
                Little Rock, AR 72201-3325

## DISPOSITION

        By Order dated April 1, 2011 (Doc. No. 5), this Court granted Plaintiff's Motion  to Proceed

In Forma Pauperis in this action filed pursuant to 42 U.S.C. § 1983.  The Court also directed

Plaintiff to filed an Amended Complaint within thirty days of the date of that Order.  However,

subsequent to that Order, this Court discovered that Plaintiff is not eligible to proceed in forma

pauperis under the terms of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), due to

his status as a "three-striker."   Plaintiff submitted his Amended Complaint on April 5, 2011,

together with three additional requests to amend (Doc. Nos. 7-9, 11).

        The Court is required to screen complaints seeking relief against a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the PLRA

provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action

or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court notes that Plaintiff has had more than three prior complaints dismissed as frivolous and/or for failure to state a claim.[1]  In the present Complaints, Plaintiff complains that his job assignment violates his medical restrictions and causes him breathing problems due to asthma, and that Defendants Lusk, Ferricher and Kovach failed to adequately provide treatment for his asthma after an incident involving a cell fire.  Plaintiff admits, however, that he is provided with job restrictions which restrict the hours he works and the weight of objects he must lift.  In addition, the restrictions authorize him to report to the infirmary for special breathing treatments as needed, to avoid pollen and dust, and to wear a mask while working outside.

The Court finds that Plaintiff's allegations do not fall within the imminent danger exception to the "three-strikes" rule.    Accordingly,

IT IS,  THEREFORE, RECOMMENDED that this Court's April 1, 2011 Order granting Plaintiff's Motion to Proceed In Forma Pauperis be REVOKED,[2] and Plaintiff's Complaint be DISMISSED without prejudice.

Should plaintiff wish to continue this case, he shall submit the statutory filing fee of $350

---

[1] Pennington v. Arkansas Department of Correction, 5:91cv00455HW, dismissed as frivolous; Pennington v. Sargent, 5:92cv00290HW, dismissed as frivolous; Pennington v. State of Arkansas, 5:93cv00145GH, dismissed for failure to state a claim; Pennington v. Cauley, 4:97cv00935ETR, dismissed for failure to state a claim; Pennington v. Brownlee, 5:99cv00184SWW, dismissed for failure to state a claim; Pennington v. Pryor, 4:00cv00748BRW, dismissed for failure to state a claim; Pennington v. Harmon, 5:01cv00034BRW, dismissed for failure to state a claim.

[2] See Boreland v. Vaughn, 2000 WL 254313 (E.D.PA 2000) and Turner-El v. Washington, 1998 WL 566880 (N.D.IL 1998), where the courts revoked prior decisions granting in forma pauperis applications after discovering the inmates' three-strikes status.

to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

IT IS FURTHER RECOMMENDED THAT any amounts of money which already have been deducted from Plaintiff's inmate account, pursuant to the April 1, 2011 Order, be refunded to Plaintiff's account.

IT IS SO RECOMMENDED this 5th day of May, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE